IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| HCR HEALTHCARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:11-cv-00190 D |
| | ) | |
| v. | ) | Chief Judge James C. Dever, III |
| | ) | |
| HEARTLAND HOME CARE AGENCY, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT JUDGMENT

Plaintiff HCR Healthcare, LLC ("HCR") and Defendant Heartland Home Care

Agency, Inc. ("Defendant") hereby consent to entry of judgment as follows:

1.    The Court has jurisdiction over the parties and the subject matter pursuant

to 28 U.S.C. § 1338.

2.    HCR owns the rights to the mark HEARTLAND for use in connection

with health care services by virtue of its (and its affiliates' and/or predecessors')

continuous use since 1975, and its federal registrations, including Registration

No. 1,300,002, which is incontestable, valid, subsisting, uncancelled, and unrevoked.

HCR owns a number of additional United States trademark registrations for various

"Heartland" trademarks (*see, e.g.*, Reg. No. 3,026,062 (HEARTLAND and design), Reg.

No. 3,299,315 (HEARTLAND HOSPICE HOUSE), Reg. No. 3,470,607 (HEARTLAND

CARING HEARTS CAMP), Reg. No. 3,603,830 (HEARTLAND ENRICHING LIFE),

and Reg. No. 3,709,181/182 (HEARTLAND CARE PARTNERS)).

US_ACTIVE-107908328.3

3.     Defendant offers its home care services in and around Chadbourn, NC under the name Heartland Home Care Agency, Inc.

4.     HCR filed suit in the United States District Court for the Eastern District of North Carolina, alleging infringement of HCR's trademark rights by Defendant and seeking, *inter alia*, an order enjoining Defendant's further use of the HEARTLAND mark.

5.     Defendant has agreed to cease all use of the HEARTLAND name and/or any confusingly similar name or variation thereof, and consent to entry of this judgment under the terms set forth herein.

6.     In accordance with the deadlines set forth herein, Defendant shall immediately take all steps necessary to cease all use of the HEARTLAND name and/or any confusingly similar name or variation thereof, in any form or in any manner, on or before May 15, 2012. Defendant has begun the process of assuming a new business name of PRO-HEALTH HOME CARE and will, once approved, hereafter conduct all of its business affairs under that name.

7.     Defendant shall immediately cease all media advertising using the HEARTLAND name and/or any confusingly similar name or variation thereof, provided, however, that any advertising that Defendant has contracted and paid for prior to November 30, 2011, and which cannot be withdrawn or modified, may proceed if concluded prior to February 1, 2012.

8.     Defendant shall immediately take all steps necessary to cease using the HEARTLAND name and/or any confusingly similar name or variation thereof in any telephone listing. For printed phone listings already in circulation, Defendant shall take

-2-

all reasonable steps to ensure that no future editions of such printed telephone directories include any listing for Defendant under the HEARTLAND name and/or any confusingly similar name of variation thereof.

9.     Defendant shall not use any printed materials bearing the HEARTLAND name and/or any confusingly similar name or variation thereof, after May 15, 2012. Printed materials include, but are not limited to, all promotional literature, labels, invoices, packaging, advertisements, letterhead, stationary, business cards and all other printed materials.

10.     Defendant shall remove all existing signs, advertisements, uniforms, and all other indicia or identity bearing the HEARTLAND name and/or any confusingly similar name or variation thereof, by May 15, 2012.

11.     Defendant shall immediately take all steps necessary to cease using the HEARTLAND name and/or any confusingly similar name or variation thereof in answering any telephone calls. Defendant shall immediately secure regulatory approval for the use of its new business name, PRO-HEALTH HOME CARE, but under no circumstance shall Defendant continue its use of the HEARTLAND name after May 15, 2012.

12.     Defendant shall immediately take all steps necessary to cease using the HEARTLAND name and/or any confusingly similar name or variation thereof in its corporate names or DBA ("doing business as") names, by May 15, 2012.

13.     Defendant shall immediately take all steps necessary to cease using the HEARTLAND name and/or any confusingly similar name or variation thereof in any contacts or sales calls, in person or on the phone, with patients, hospitals, nursing homes,

-3-

doctors, nurses, or any referral sources, and under no circumstance shall Defendant continue its use of the HEARTLAND name after May 15, 2012.

14. Defendant shall immediately take all steps necessary to cease using the HEARTLAND name and/or any confusingly similar name or variation thereof on any websites and in any domain names, as well social networks, blogs, search engine databases, online yellow pages and other directories, and under no circumstance shall Defendant continue its use of the HEARTLAND name after May 15, 2012.

15. Defendant shall refrain from taking any action or using any words, names, styles, titles, logos, domain names, or marks, which are likely to cause confusion, or mistake, or to deceive, or to otherwise mislead the health care industry, or the public, into believing that HCR and Defendant are or were in some way connected, affiliated, or associated with one another, or that HCR sponsors, supervises, or controls the services Defendant offers to provide; or that services Defendant offers originate with HCR or are offered with the approval, consent, authorization, or under the supervision of HCR.

16. Defendant agrees that any material breach of its obligations under this Consent Judgment would cause HCR irreparable harm. Upon any breach or threatened breach by Defendant, after written notice and opportunity to cure on not less than ten-days notice, HCR shall be entitled to immediate injunctive relief, without having to post a bond, restraining Defendant from committing such breach. This right to an injunction shall not prohibit HCR from seeking any additional remedies available to it for such breach or threatened breach, including the recovery of damages, costs, and fees.

17. Provided it complies with the terms of this Consent Judgment, Defendant shall not be liable to HCR for any damages arising out of past use of the HEARTLAND

-4-

mark, or any use of the HEARTLAND mark prior to May 15, 2012 that is consistent with the terms of this Consent Judgment.

      18.    The Court retains jurisdiction to enforce the terms of this Judgment.

SO ORDERED.  This **22** day of March 2012.

 

_____
JAMES C. DEVER III
Chief United States District Judge

The parties hereby agree to the entry of the foregoing judgment.

 

HEARTLAND HOME CARE AGENCY,    HCR HEALTHCARE, LLC
INC.

By: _____    By: _____
    Anna Blanton, President             Richard A. Parr, II,
                                      Vice-President and General Counsel

 

APPROVED AS TO FORM AND CONTENT:

_____    _____
Clay Allen Collier, Esq.                        Leslie C. Packer, Esq.
Crossley McIntosh Collier Hanley & Edes,    Ellis & Winters, LLP
PLLC                                      P.O. Box 33550
1430 Commonwealth Drive, Suite 202,    Raleigh, NC 27636
Wilmington, NC 28403                    919-865-7000
910-762-9711                              leslie.packer@elliswinters.com
clayc@cmclawfirm.com